NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY ZACHAREWICZ,<br><br>        Plaintiff,<br><br>v.<br><br>KOKES FAIRWAYS, LLC d/b/a EAGLE RIDGE GOLF CLUB,,<br><br>        Defendant. | Civ. No. 15-1551<br><br>OPINION |

THOMPSON, U.S.D.J.

INTRODUCTION

This matter has come before the Court on Plaintiff's Motion to Strike Defendant's Affirmative Defenses made pursuant to Federal Rule of Civil Procedure 12(f).  (Doc. No. 9). Defendant opposes the Motion.  (Doc. No. 10).  The Court has decided the Motion after considering the parties' written submissions and without oral argument pursuant to Local Civil Rule 78.1(b).  For the following reasons, Plaintiff's Motion will be denied.

BACKGROUND

On February 27, 2015, Plaintiff filed a Complaint against Defendant, stating claims for violations of Title I of the Americans with Disabilities Act and violations of the New Jersey Law Against Discrimination.  (Doc. No. 1).  On May 22, 2015, Defendant filed an Answer which stated the following affirmative defenses, among others, which Plaintiff now seeks to strike:

    2.    Plaintiff has failed to allege special damages.
    3.    Plaintiff's Complaint is barred, in whole or in part, by the doctrine of unclean hands.
    4.    Plaintiff's Complaint is barred, in whole or in part, by the doctrines of laches, estoppel and waiver.
    6.    Defendant did not breach any legal duty, contractual or otherwise, owed to Plaintiff.

1

>   7. Any damages allegedly sustained by Plaintiff were not the direct or proximate result of acts or omissions of Defendant.
>   8. Plaintiff waived, released and/or surrendered all claims and rights of claim against Defendant.
>   9. The claims against Defendant constitute frivolous litigation pursuant to the Frivolous Litigation Act, N.J.S.A. 2A:15–59.1 and Fed. R. Civ. P. 11.
>   10. The damages, if any, suffered by Plaintiff are de minimis.
>   13. Plaintiff's claims are barred, in whole or in part, by the Entire Controversy Doctrine.
>   14. Plaintiff's claims are barred, in whole or in part, by the applicable Statute of Limitations.
>   15. Plaintiff's claims are barred by the Economic Loss Doctrine.
>   18. Plaintiff's claims are barred because he failed to exhaust his available administrative remedies.
>   20. Plaintiff's claims are barred and preempted, in whole or in part, by the N.J. Worker's Compensation Act.

(Doc. No. 6.)

## LEGAL STANDARD

Motions to strike affirmative defenses are governed by Fed. R. Civ. P. 12(f), which states, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[T]he Third Circuit has instructed that a district court 'should not grant a motion to strike a defense unless the insufficiency of the defense is clearly apparent.'" *Newborn Bros. Co., Inc. v. Albion Eng'g Co.*, 299 F.R.D. 90, 93 (D.N.J. 2014) (quoting *Cipollone v. Liggett Group, Inc.*, 789 F.2d 181, 188 (3d Cir. 1986)). Courts in the District of New Jersey have described this insufficiency standard as such: "'an affirmative defense is insufficient if is not recognized as a defense to the cause of action.'" *Newborn Bros. Co., Inc.*, 299 F.RD. at 93 (quoting *F.T.C. v. Hope Now Modifications, LLC*, No. 09-1204, 2011 WL 883202, *2 (D.N.J. Mar. 10, 2011). Stated another way, "'an affirmative defense can be stricken on the basis of the pleadings alone only if the defense asserted could not possibly prevent recovery under any pleaded or inferable set of facts.'" *Id*. (quoting *Hope Now*, 2011 WL

883202, at *1). Additionally, "'a motion to strike should not be granted unless the presence of the surplusage will prejudice the adverse party.'" *Hope Now*, 2011 WL 883202, at *1.

Notably, the heightened pleading standards announced in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) do not apply to affirmative defenses; only the pleading standard of Fed. R. Civ. P. 8(c), which requires a party to simply "affirmatively state any . . . affirmative defense," applies. *Newborn Bros. Co., Inc.*, 299 F.R.D. at 97. Because the standard for proving insufficiency is so high and because the pleading standard for affirmative defenses is so low, courts recognize that often motions to strike are used simply as a "dilatory tactic" and thus are highly disfavored. *Hope Now*, 2011 WL 883202, at *1.

ANALYSIS

Plaintiff is not able to make the case that any of the affirmative defenses he is seeking to strike are inapplicable to the causes of action involved in this case. For instance, Plaintiff argues that the affirmative defense of failure to plead special damages should be stricken because he "is not aware of any requirement that he plead special damages in an employment discrimination case." (Doc. No. 9 at 3). However, it is conceivable that Plaintiff could attempt to seek special damages later in the case; indeed, Plaintiff's Complaint states a claim for, among other forms of relief, "Any and all other relief that this Court finds necessary and appropriate." (Doc. No. 1 at 10). As another example, Plaintiff argues that the statute of limitations defense should be stricken because "Defendant has not indicated how Plaintiff has failed to satisfy any statutes of limitation, nor when such alleged statutes of limitation elapsed." (Doc. No. 9 at 5). However, it is indisputable that a statute of limitations defense would apply to Plaintiff's claims, and it could be revealed through discovery that Plaintiff did not comply with the statute of limitations, even if Plaintiff had a good faith belief at the time of filing that he did comply with the statute of limitations.

Plaintiff's entire motion is premised on a misunderstanding of the standard applied to motions to strike affirmative defenses.  Plaintiff asserts that Defendant bears the burden at the time of pleading of supporting his affirmative defenses with facts, but Fed. R. Civ. P. 8(c) and the precedent interpreting that Rule only require Defendant to affirmatively state a valid defense to the claims in the Complaint.  What is more, Plaintiff has failed to show how he will be prejudiced by these affirmative defenses.  Though Defendants will be entitled to seek discovery related to the affirmative defenses, none of the affirmative defenses are so outlandish or unrelated to the basic facts of the case that they would allow Defendants to seek discovery beyond the scope of what is normally allowed.  Accordingly, Plaintiff's motion must be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion will be denied.  An appropriate order will follow.

>  */s/ Anne E. Thompson*
>  ANNE E. THOMPSON, U.S.D.J.